PAULINE KERKHOVEN, Doing Business under the Name of WEISS CUTTING MACHINE Co., Plaintiff, *v.* AARON WEISS, Doing Business under the Name of A. WEISS CUTTING MACHINE Co., Defendant.

Supreme Court, Special Term, Queens County, April 22, 1948.

*Homer I. Harris* for plaintiff.

*Rogers and Rogers* for defendant.

STODDART, J.  Action for an injunction restraining the defendant from acts of unfair competition.

The parties to this action were formerly husband and wife. They are presently engaged in competing businesses in New York City.  The defendant has resorted to advertising, which can only lead to confusion as to the identity of the establishments in the minds of the public and to injury and annoyance to the plaintiff.

The question is:  Should the defendant be restrained in his advertising, and, if so, to what extent?

The evidence reveals that prior to 1933, the plaintiff was engaged in the business of selling and repairing cloth-cutting machines in New York City.  After her marriage to the defendant, the plaintiff continued in that business, and filed a certificate in 1933 to do business under the name " Weiss Cutting Machine Co."  In 1941, the plaintiff entered into a partnership with the defendant as to the business.  Prior thereto the latter had merely acted as an employee.  By 1945, differences between the parties had resulted in a dissolution of both the business and the matrimonial partnerships.  In the action for the dissolution of business relationship, after a sale of the assets, excluding good will, the court provided in a judgment dated July 27, 1945, that the cash on hand should be apportioned between the parties and that the defendant should execute a bill of sale to the plaintiff of " all of his right, title and interest in and to all of the assets of every kind and nature of the partnership."  Defendant executed the bill of sale, but subsequently commenced a similar business in the same locality.  He adopted the same trade name as that used by the plaintiff, with letter "A", placed before it. Originally that letter "A" was so small in size as compared to the rest of the name that it was likely to be unnoticed.  Thereafter, the "A" was enlarged, but the use of the words " Original Weiss " " Formerly of 57 West 25 St." (the address of the plaintiff's establishment), and his use of the same " cuts " as used for many years by the plaintiff, would naturally lead the public to assume the establishments were identical.  I find that

the defendant selected his advertising with the purpose of so deceiving the public and of causing injury to the plaintiff.

The defendant contends that the plaintiff is not entitled to use the name involved because she has remarried and has not filed a certificate revealing her present name. Any technical non-compliance may be quickly remedied in that respect. He urges further that he has the right to use his own name in business. While the legal authorities are numerous that a person may use his own name in his business, those authorities provide that where the purpose is to deceive the public as to his identity with another well-established name, the right to use the name may be restricted. Here, not only was it the defendant's purpose to deceive the public, but I find that by his bill of sale, he agreed not to use the name. If all of the assets, excepting good will, were sold at the auction sale, the execution of the bill of sale, as subsequently directed by the court, must have referred to the remaining asset, the name.

Accordingly, judgment will be granted, with costs, restraining the defendant from using the name "A. Weiss Cutting Machine Co.", from using words, " cuts " and pictures which are designed to mislead the public as to his identity. Thirty days' stay, sixty days to make a case.

Submit judgment on notice.